UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN THE MATTER OF THE APPLICATION OF          :
                                             :  Case No: 19-mc-228
ARIF EFENDI                                  :
                                             :
FOR AN ORDER TO TAKE DISCOVERY               :
                                             :
PURSUANT TO 28 U.S.C. § 1782                 :
                                             :
------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## APPLICATION FOR AN ORDER TO TAKE DISCOVERY
## PURSUANT TO 28 U.S.C. § 1782

Applicant Arif Efendi ("Efendi"), an individual residing in London, England, submits this Memorandum of Law in support of his *ex parte* application pursuant to 28 U.S.C. § 1782 seeking an Order authorizing the issuance of subpoenas directing DigitalOcean LLC to produce documents and give deposition testimony for use in a proceeding that Efendi and co-claimants Doyen Sports Investment Limited and Tevfik Arif commenced in the Court of Law for the 5th District Bucharest, 2nd Department for Civil Cases, Romania, File No. 27181/302/2018 (the "Romanian Action"), and for use in a proceeding that Efendi intends to commence in the District Court of Cyprus. This application is based on the declaration of Mario Aieta, dated April 25, 2019 ("Aieta Decl."), and the exhibits attached thereto, and the April 18, 2019, declaration of Mihai Stanescu ("Stanescu Decl.").

### STATEMENT OF FACTS

In December 2018 Efendi, along with Doyen Sports Investment Limited and Tevfik Arif, commenced the Romanian Action against Centrul Roman Pentru Jurnalism De lnvestigatie

3195367_1

("CRJI") asserting causes of action based on CRJI's publication of stolen confidential and private information on the website www.theblacksea.eu.  Aieta Decl. ¶¶ 4-6; Stanescu Decl. ¶¶ 2, 4. On January 23, 2019, the Court of Law for the 5th District Bucharest issued an order for interim relief (the "Romanian Order") finding that CRJI, i) had published certain articles on its website found at www.theblacksea.eu, ii) that the articles were based on private and personal information obtained via "an attack conducted by a hacker on the information systems of Doyen Sports," and (iii) that "[t]hrough the articles published on the website theblacksea, confidential information and documents concerning the professional and private activity of the claimants were disclosed."  Aieta Decl. Tab A at p. 3 of translation.  The Court of Law for the 5th District Bucharest determined that the "illicit action" of publishing the subject articles on theblacksee.eu "causes a prejudice, which is difficult to remedy, to the reputation, image, dignity and freedom of the claimants" under both Romanian law and the European Convention on Human Rights. Aieta Decl. Tab A at p. 5 of translation. The Romanian Order "oblig[es] the defendant [CRJI] to withdraw from the website www.theblacksea.eu the articles mentioned in the action" until the final resolution of the Romanian Action. Aieta Decl. Tab A at p. 6 of translation.

Sometime after the Romanian Action was commenced, and perhaps in response to the Romanian Order, CRJI transferred ownership of the website www.theblacksea.eu to PrivActually Ltd., an entity based in Cyprus.  Aieta Decl. Tab B. The articles that the Romanian court determined were injurious to "the reputation, image, dignity and freedom" of Efendi and the other claimants named in the Romanian Order have not been removed from theblacksea.eu after ownership of the site was 'transferred' to PrivActually Ltd.  Aieta Decl. ¶ 7.  PrivActually Ltd. has assumed "ownership" of theblacksea.eu solely for the purpose of hiding the fact that the website is still *de facto* owned and operated by CRJI. Aieta Decl. ¶¶ 8, 9.

On April 18, 2019, Efendi and the other claimants in the Romanian Action moved for preliminary relief against PrivActually based on the continuing publication of stolen confidential and private information on the website www.theblacksea.eu. A hearing on the request for preliminary relief against PrivActually has been set for May 20, 2019.

The DNS A record[1] for theblacksea.eu identifies DigitalOcean LLC as the host of theblacksea.eu website.[2] Aieta Decl. Tab B. DigitalOcean LLC is a Delaware limited liability company found in this district, with its principal office at 101 Avenue of the Americas, 10th Floor, New York, NY 10013. Aieta Decl. ¶ 11. DigitalOcean's terms of use require users to provide "accurate and complete information" about the person or entity using the hosting service and prohibit the impersonation of another person. Aieta Decl. Tab E at p. 3, § 1.2.

Efendi seeks discovery from DigitalOcean LLC in order to prove that CRJI continues to control the content of theblacksea.eu, that CRJI has the ability to withdraw the webpages that it has been ordered to withdraw in the Romanian Order, that the transfer of "ownership" of theblacksea.eu to PrivActually Ltd had no impact on CRJI's control of the content of theblacksea.eu, and that CRJI is attempting to avoid the Romanian Order through the use of a service designed to obscure the connection between theblacksea.eu and CRJI. Documents and information available to DigitalOcean may also be probative with respect to the connection between CRJI and the individual or individuals who stole private and confidential data from Doyen Sports Investment Limited.

---

[1] An "A record" is the Domain Name System record that maps a domain name to the IP address of the computer hosting the domain. *See* https://support.dnsimple.com/articles/a-record/, accessed on April 10, 2019.

[2] "A Web host is an organization that sells or leases memory space on its servers. Web hosting is typically done in a data center, which provides services to clients that enable them to publish websites on the Internet." https://www.techopedia.com/definition/2542/web-host, accessed April 11, 2019.

**ARGUMENT**

I. APPLICANT MEETS THE STATUTORY REQUIREMENTS FOR DISCOVERY UNDER 28 U.S.C. § 1782.

A district court "has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015).

The statutory requirements for § 1782 discovery are readily met in this application. DigitalOcean has its headquarters in Manhattan. The discovery sought is for use in the Romanian Action and in a proceeding that Efendi intends to commence in the District Court of Cyprus. And Efendi is clearly an interested person in that he is one of the claimants in the Romanian Action that has been injured by the publication of the stolen private and confidential information, as was determined in the Romanian Order.

II. THE FOUR *INTEL* FACTORS SUPPORT THE GRANTING OF THIS APPLICATION FOR DISCOVERY.

"Once a district court is assured that it has jurisdiction over the application, it *may* grant discovery under § 1782 in its discretion." *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018). In *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004), the Supreme Court pointed to four non-exclusive factors that should guide district courts in the decision to grant a § 1782 application:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought form a nonparticipant in the matter arising abroad," given that "[a]

4

>foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence;"
>(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"
>(3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and
>(4) whether the discovery request is "unduly intrusive or burdensome."

*Intel*, 542 U.S. at 264–65, 124 S.Ct. 2466.

Here, all four factors indicate that the application should be granted. First, DigitalOcean LLC is not a party to the Romanian Action. Aieta Decl. Tab A. Second, the Romanian court will hear witnesses and take evidence on the claims before it and there is no impediment to the use of evidence collected in the United States. Stanescu Decl. ¶ 5. Third, there are no proof-gathering restrictions in effect in the Romanian Action. Stanescu Decl. ¶ 6. And fourth, the proposed discovery, which is likely to amount to a very brief deposition and/or a very small number of documents indicating who has authority to control the content of a single website hosted by DigitalOcean, will not be intrusive or burdensome.

## CONCLUSION

For the reasons stated above, Efendi's application for discovery pursuant to 28 U.S.C. § 1782 should be granted and Efendi's counsel should be given authority to serve on DigitalOcean a subpoena substantially in the form of that attached to the Aieta Decl. at Tab G.

Dated: May 1, 2019

                                          Respectfully submitted,

                                          /s/

                                          _____

                                          Walter Saurack
                                          Mario Aieta
                                          Charles Keeley
                                          Satterlee Stephens LLP
                                          230 Park Avenue, Suite 1130
                                          New York, NY 10169
                                          (212) 818-9200

                                          Attorneys for Applicant Arif Efendi

3195367_1